



MAY 16 2008

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DARRELL BERINGER, | : |
| Plaintiff, | : |
| | : CIVIL ACTION FILE |
| v. | : NO. 1 08-CV-1787 -CC |
| NELSON, WATSON & ASSOCIATES, LLC, a Massachusetts company, | : |
| Defendant. | : |

# COMPLAINT FOR DAMAGES

## INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

- 1 -

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of this State, District, and Division who is authorized by law to bring this action.

4. Defendant NELSON, WATSON & ASSOCIATES, LLC is a corporation organized under the laws of the state of Massachusetts. [Hereinafter said Defendant is referred to as "NELSON."]

5. NELSON is authorized to do business in the State of Georgia.

6. NELSON is subject to the jurisdiction and venue of this Court.

7. NELSON may be served by personal service upon its registered agent in the State of Georgia, to wit: National Registered Agents, Inc., 3761 Venture Dr, Duluth, Georgia 30096, or wherever said agent may be found.

8. Alternatively, NELSON may be served upon an authorized agent at its principal place of business located at 80 Merrimack Street Lower Level, Haverhill, Massachusetts 01830.

9. Alternatively, NELSON may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the State of Georgia or the Commonwealth of Massachusetts.

## FACTS COMMON TO ALL CAUSES

10. NELSON uses the mails in its business.

11. NELSON uses telephone communications in its business.

12. The principle purpose of NELSON's business is the collection of debts.

13. NELSON regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, to another.

14. NELSON is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

15. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, NELSON communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

16. In or around May 2008, NELSON left a series of recorded voice messages for Plaintiff requesting a return call.

17. The voice mail messages did not identify NELSON as the party placing the calls.

18. The voice mail messages did not state that the communications were from a debt collector.

19. The voice mail messages did not state that the communications were an attempt to collect a debt.

20. When Plaintiff returned the call to NELSON, Plaintiff informed NELSON that Plaintiff was out of work and financially unable to pay on the alleged debt.

21. NELSON's agent responded by threatening to take imminent legal action against Plaintiff on the alleged debt.

22. At the time of the threat, NELSON had neither the intention nor the legal right to sue on the alleged debt.

23. Defendant's communications violated the Fair Debt Collection Practices Act.

24. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

25. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

26. Defendant's violations of the FDCPA include, but are not limited to, the following:

27. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

28. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

29. Threatening to take an action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5); and

30. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

31. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory and actual damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient; and

d) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

**THE LAW OFFICE OF KRIS SKAAR, P.C.**

by: _____
Kris Skaar
Attorney for Plaintiff
Georgia Bar No. 649610

P.O. Box 1478 ● Marietta, GA 30061-1478
331 Washington Avenue ● Marietta, GA 30060
voice (770) 427 - 5600 ● fax (770) 427 - 9414
krisskaar@aol.com